UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NAKASHIMA, | No. 2:16-cv-02483-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| EMILIE R. BURTON, KENNETH R. BURTON JR., and DOES 1 to 5, | |
| Defendant. | |

Defendants Emilie Burton and Kenneth Burton, Jr. (collectively "defendants") removed this unlawful detainer action from San Joaquin County Superior Court on October 18, 2017. ECF No. 1. Defendants also move to proceed *in forma pauperis* (IFP). ECF Nos. 3-4. As explained below, the court remands this case to the San Joaquin County Superior Court for lack of subject matter jurisdiction and denies defendants' IFP request as moot.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. A federal court has "federal question" subject-matter jurisdiction where the complaint is predicated on a claim or right arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To properly invoke federal jurisdiction, the basis for federal jurisdiction must be ascertainable from the face of the complaint, and cannot derive from an anticipated defense in the case. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

1    If a case is improperly removed from state to federal court, the federal court has an independent responsibility to remand that case back to state court. This responsibility derives from the mandate in 28 U.S.C. § 1447(c) to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, it is the district court's "duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Courts construe removal statutes strictly against removal and place the burden on a defendant to demonstrate that removal is proper. *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal means that the defendant always has the burden of establishing that removal is proper.")).

Here, defendants assert this court has subject matter jurisdiction under 28 U.S.C. § 1441. Notice Removal 2, ECF No. 1. The duty thus lies with the court to determine if federal jurisdiction in fact adheres. 28 U.S.C. § 1447(c). Defendants do not assert that the complaint itself raises a federal question. *Id.* Instead, defendants assert that a federal question exists because "Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice Removal 2 (verbatim transcription). However, removal cannot be based only on a defense that raises a federal question. *Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009) ("federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim"); *Nationstar, LLC v. Graves*, No. 1:12-CV-02018-AWI, 2012 WL 6720368, at *2 (E.D. Cal. Dec. 26, 2012) (citations omitted) (remanding unlawful detainer action *sua sponte*). Defendants fail to establish a basis for federal question jurisdiction.

The court finds that defendant has not shown any proper basis for removal. Thus, the court lacks subject matter jurisdiction, the case shall be remanded and defendants' motion for *in forma pauperis* status is moot.

/////

/////

/////

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is REMANDED to San Joaquin County Superior Court.

2. The motion for *in forma pauperis* status is DENIED as moot.

DATED: October 31, 2016.

_____
UNITED STATES DISTRICT JUDGE